Dear Mr. Mitchell:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the DeSoto Parish Police Jury, you have asked for our opinion regarding the validity of a parish ordinance which calls for the use of public funds to repair private driveways.
The ordinance in question provides the following:
 * * *
WHEREAS, it is the duty of the Police Jury of DeSoto parish to ensure the safety and welfare of the citizens of the Parish; and
WHEREAS, gainful access to the homes of the handicapped is a necessity for emergency vehicles;
NOW THEREFORE BE IT ORDAINED by the DeSoto Parish Police Jury that the following criteria must be met before the Police Jury can work on the driveways of the handicapped citizens:
SECTION 1
a. A person must be temporarily disabled or permanently handicapped.
b. A person must have a doctor's statement indicating they are temporarily or permanently disabled.
c. Must be unable to function without help from an outside source (public transportation, friend or relative).
d. Handicapped accessibility must be limited to one location only. *Page 2 
SECTION 2
Once the above criteria has been met the Road Superintendent and the Police Juror for that District will decide on the course of action to be taken in repairing the drive.
 * * *
We addressed a somewhat similar situation in Attorney General Opinion No. 04-0088. There, the Franklin Parish Police Jury asked whether it could use funds to make improvements to the private driveways of those senior citizens in the parish who did not have the means to make their driveways more accessible to ambulances and the vehicles of nurses and other home-health care professionals. In response, we opined that the parish may use public funds to improve the driveways. We stated the following:
Although the Louisiana Constitution prohibits the donation of public funds, public funds may be used for programs of social welfare for the aid and support of the needy. Article 7, Section 14B of the Louisiana Constitution. Such a program, however, must include objective criteria to determine who is truly needy. Attorney General Opinion Number 02-0368 and 02-0100. The Franklin Parish Police Jury must provide for objective criteria to determine who of its senior citizens needs such assistance. A person's income and age are such objective criteria.
Our review of the ordinance in question fails to reveal an established program of aid and support to the needy with sufficient objective eligibility criteria. The ordinance attempts to provide assistance to temporarily disabled or permanently handicapped individuals. The ordinance further requires that a doctor's statement indicating they are temporarily or permanently disabled be provided and persons seeking assistance must be unable to function without help from an outside source. Once these criteria are met, the Parish's Road Superintendent and the Police Juror for the District where the person seeking assistance resides will decide on the course of action to be taken in repairing the drive. Although the ordinance in question is aimed and geared toward assisting handicapped persons, we do not believe such a program in and of itself aids and supports the "needy" in that the ordinance fails to include the necessary criteria which addresses the financial status of those sought to be served.
Notwithstanding, if the DeSoto Parish Police Jury amends the ordinance to include objective criteria, such as income, to ensure that only the needy are served, we believe the use of public funds would likely be permissible under Louisiana Constitution Article VII, Sec. 14 (B)(1). *Page 3 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt